```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                          WESTERN DIVISION
                          No. 5:14-CR-17-1H
                          No. 5:16-CV-447-H
```

|  |  |  |
|---|---|---|
| TREMAINE ANTOINE WILLIAMS, | ) | |
| Petitioner, | ) | |
|  | ) | **ORDER** |
| v. | ) | |
|  | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | | |

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #64]. The government has filed a motion to dismiss, [DE #71], to which petitioner responded. [DE #75, #76]. Petitioner has also filed a motion to file amended petition, [DE #77], which motion is GRANTED, and the contents are considered herein by the court. Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), [DE #74], to which the government has not responded. The time for further filing has expired[1], and this matter is ripe for adjudication.

## BACKGROUND

On April 21, 2014, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and

---
[1] The court notes the FPD Office filed a motion to withdraw on the basis that no motions would be presented under Johnson v. United States, 235 S. Ct. 2551 (2015), [DE #68], and this motion was granted by this court. [DE #69].

§ 924(a)(2) (Count Two). [DE #31 and #44]. On December 9, 2014, the court sentenced petitioner to a total term of imprisonment of 115 months, in the middle of the guideline range after the granting of an objection reducing petitioner's offense level by two levels. [DE #44 and #56]. Petitioner filed a notice of appeal, and the Court of Appeals dismissed the appeal. [DE #62 and DE #63].

On June 20, 2016, petitioner timely moved to vacate pursuant to 28 U.S.C. § 2255, [DE #64], in light of Johnson v. United States, 235 S. Ct. 2551 (2015), arguing that his base offense level was wrongfully calculated as he did not have a crime of violence to support a base offense level of 20 pursuant to either USSG § 2K2.1(a)(4)(A) or § 2K1.1(c)(1)(A) in conjunction with § 2X1.1(a) and § 2B3.1(a). [DE #64 and #77].

Petitioner also argues various allegations unrelated to presented in detail below and ranging from errors in guidelines calculations to ineffective assistance of counsel. [DE #64 and #77].

## COURT'S DISCUSSION

**I. Motion to Vacate, [DE #64]**

**A. Johnson claims**

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), Armed Career Criminal Act ("ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257,

1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. In Beckles v. United States, 137 S. Ct. 886 (2017), however, the Supreme Court declined to extend its ruling in Johnson to the residual clause of United States Sentencing Guidelines ("USSG") § 4B1.2(a). Petitioner's base offense level was calculated in part pursuant to USSG § 2K2.1(a)(4)(A) based upon a crime of violence as defined at § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was not sentenced as an armed career criminal pursuant to the ACCA. Therefore, his Johnson claims are without merit.

**B. Dimaya claim**

Petitioner argues his § 922(g)(1) conviction and § 924(e) conviction bear the same language as 18 U.S.C. § 16(b), "making the language unconstitutionally vague toward petitioner's predicate offense." [DE #77 at 9]. In Sessions v. Dimaya, 138 S. Ct. 1204 (2018), the Supreme Court invalidated the residual clause of the definition of crime of violence, found in 18 U.S.C. § 16(b) and incorporated into the Immigration and Nationality Act's definition of aggravated felony, 8 U.S.C. § 1101(a)(43)(F). Petitioner has not shown how 18 U.S.C. § 16(b) applies to his case, as the Supreme Court holding in Dimaya does not apply to the crime of violence definition as provided at USSG § 4B1.2(a). Therefore, his Dimaya claim is without merit.

### C. Guidelines Calculation Claims

Petitioner makes four claims regarding guidelines calculations as follows: (1) that the cross-reference pursuant to United States Sentencing Guidelines ("USSG") § 2K2.1(c)(1)(A) was erroneously applied;[2] (2) that the district court erred in calculating his base offense level; (3) that the probation office wrongfully enhanced his base offense level under USSG § 2B3.1 for a state charge that was dismissed before being arrested on a federal firearms charge; and (4) that petitioner's appeal waiver is unconstitutional. [DE #64 and #77].

As to the first three claims of guidelines calculation errors, petitioner waived these arguments pursuant to his appeal waiver in his plea agreement. [DE #31]. Such claims are barred by the appeal waiver contained in petitioner's plea agreement, in which he agreed to waive his right to appeal his sentence including any issues relating to the establishment of the advisory guidelines range, with the exception of a sentence imposed in excess of the established guideline range. [DE #31]. Petitioner was sentenced in the middle of the guideline range after the granting of an objection reducing his offense level by two levels. [DE #44 and #56].

---

[2] Inasmuch as petitioner argues this enhancement was based upon an invalid crime of violence pursuant to Johnson, it has been addressed supra.

4

As to the fourth claim of guidelines calculation errors, petitioner argues his appeal waiver is unconstitutional pursuant to Class v. United States, 138 S. Ct. 798 (2018). Petitioner's argument is without merit as the Supreme Court in Class held that a guilty plea by itself does not bar a federal criminal defendant "from challenging the constitutionality of the statute of conviction on direct appeal." Class, 138 S.Ct. at 803. Petitioner's guidelines calculations claims in this case are not challenging the constitutionality of the statute of conviction in this case but rather the constitutionality of his appeal waiver in his plea agreement. Such appeal waivers are valid and enforceable when they are knowingly and voluntarily made. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming his plea agreement "[carries] a strong presumption of verity." See Id. (quoting United States v. White, 366 F.3d 291, 295 (4th Cir. 2004)). At petitioner's arraignment, the court accepted his plea and approved the plea agreement. [DE #31].

At petitioner's Rule 11 hearing, petitioner made solemn declarations that he: (1) reviewed his plea agreement with counsel; (2) understood the contents of his plea agreement including the appeal waiver; and (3) executed the plea agreement freely without external compulsion. [DE #58 at 16-17]. Thus, the court found at petitioner's arraignment, petitioner's plea was knowingly and

5

voluntarily entered.  Id. at 21.  The Supreme Court's decision in Class does not afford relief to petitioner.

Therefore, petitioner's guidelines calculation claims are without merit.

**D. Ineffective Assistance of Counsel Claims**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance.  Id. at 687-91.  In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance."  Id. at 689.  The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)).  Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

Petitioner makes five claims of ineffective assistance of counsel, including: (1) defense counsel never reviewed the plea agreement with petitioner and asked petitioner to sign it without reviewing the material or terms of the plea to make sure it was the same plea agreement as the one signed with prior defense counsel; (2) defense counsel failed to object to the charged offense pursuant to 18 U.S.C. § 922(g)(1), prejudicing petitioner from receiving a lower sentence; (3) defense counsel did not object to the probation office adding a four-level enhancement pursuant to USSG § 2B3.1(b)(4)(A); (4) counsel did not properly investigate or prepare any objections that would have benefitted the petitioner for a lower sentencing range or to preserve issues for appeal; and (5) petitioner did not receive a copy of his presentence report before sentencing, therefore he never had any opportunity to discuss these disputes with his attorney before sentencing. [DE #77].

As discussed supra, petitioner affirmed under oath at his Rule 11 hearing that he had: (1) reviewed his plea agreement with counsel; (2) understood the contents of his plea agreement including the appeal waiver; and (3) executed the plea agreement freely without external compulsion. [DE #58 at 11, 16-17]. Regarding counsel's alleged failure to object to the charged offense, petitioner pled guilty to the § 922(g) offense and affirmed that he entered a plea of guilty because "[he was], in

fact, guilty." Id. at 17.  Petitioner has not argued that his statements made at the Rule 11 hearing under oath were false.

Regarding counsel's alleged failure to object to the presence report, counsel, in fact, objected in writing to a four-level enhancement in the presentence report pursuant to USSG § 2B3.1(b)(4)(A), which objection was granted and reduced to a two-level enhancement pursuant to USSG § 2B3.1(b)(4)(B). Petitioner's guidelines range was lowered as a result of the granting of this objection.

Finally, as to petitioner's claim that defense counsel failed to review the PSR with petitioner, petitioner argues his § 922(g)(1) offense "was attached to § 924(e) as if he [were] an Armed Career Criminal or career offender," [DE #77 at 2], and recites the requirements for a designation as a career offender. [DE #77 at 3]. Petitioner contends that if his counsel had reviewed the PSR with him, he would have utilized this information "as to the starting point for a better range." Id. at 4. Additionally, petitioner contends his prior conviction for possession of a firearm by a felon is not a crime of violence sufficient to designate him as a career offender. Petitioner also contends his enhancement should not apply as he did not have a crime of violence to support it.

First, his statement is inaccurate as petitioner's offense was not "attached to § 924(e)," and he was not sentenced as an

armed career criminal or as a career offender.  Second, his criminal history category of VI was based upon his total criminal history score of 20.  As to his allegation that counsel did not review the PSR with him, the record indicates otherwise.  Defense counsel indicated at the sentencing hearing "going over the PSR" with petitioner and argued an objection to the PSR at length, which objection was granted.  [DE #56 at 8-11].

Therefore, petitioner has failed to show that counsel's representation "fell below the standard of reasonably effective assistance."  Strickland, 466 U.S. at 687-91.  Additionally, petitioner has failed to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Therefore, petitioner's motion to vacate, [DE #64, #77], must be DENIED.

**II.  Motion to Reduce Sentence, [DE #74]**

Petitioner argues pursuant to 18 U.S.C. § 3582(c)(2) that he is entitled to a reduced sentence due to the 2016 amendment, Amendment 789, to USSG § 4B1.2.  Title 18 U.S.C. § 3582(c)(2) provides the court may modify the term of imprisonment imposed

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in

9

section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(2).

Petitioner received a base offense level of 20 pursuant to USSG § 2K2.1(c)(1)(A) applying the cross-reference of § 2X1.1(a). The presentence report also provided petitioner would have a base offense level of 20 pursuant to USSG § 2K2.1(a)(4)(A). The base offense level of 20 pursuant to USSG § 2K2.1(a)(4)(A) requires a prior conviction of a crime of violence as defined at § 4B1.2(a). Amendment 798 amended the definition of crime of violence at USSG § 4B1.2(a), removing "burglary" from the enumerated offenses clause and removing the residual clause.[3] However, Amendment 798 to § 4B1.2(a) has not been made retroactively applicable. USSG § 1B1.10(a)and(d). Therefore, a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 798 is not "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). For the foregoing reasons, this motion, [DE #74], is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #71], is GRANTED. Petitioner's motion to vacate, [DE #64], is DENIED. Petitioner's motion to file amended petition,

---

[3] The base offense level of 20 pursuant to USSG § 2K2.1(c)(1)(A) applying the cross-reference of § 2X1.1(a) was unaffected by Amendment 789.

10

[DE #77], is GRANTED, to the extent the contents therein have been considered by the court. Petitioner's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), [DE #74], is DENIED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 17th day of January 2019.

                                        Malcolm J. Howard
                                        Senior United States District Judge

At Greenville, NC
#35